United States District Court
Southern District of Texas
**ENTERED**
June 21, 2022
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| RHONDA MARIE LANDERS, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO: 4:21-cv-02300 |
| | § | |
| KILOLO KIJAKAZI, ACTING | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND OPINION

Plaintiff Rhonda Marie Landers ("Landers") seeks judicial review of an administrative decision denying her applications for disability insurance benefits under Title II of the Social Security Act (the "Act"). *See* Dkt. 1. Before me are competing motions for summary judgment filed by Landers and Defendant Kilolo Kijakazi, the Acting Commissioner of the Social Security Administration (the "Commissioner"). *See* Dkts. 12 and 13. After reviewing the briefing, the record, and the applicable law, Landers's motion for summary judgment is **DENIED**, and the Commissioner's motion for summary judgment is **GRANTED**.

## BACKGROUND

Landers filed applications for disability insurance benefits under Title II of the Act in June 2019, alleging disability beginning on January 4, 2014. Her application was denied and denied again upon reconsideration. Subsequently, an Administrative Law Judge ("ALJ") held a hearing and found that Landers was not disabled. Landers filed an appeal with the Appeals Council. The Appeals Council denied review, making the ALJ's decision final and ripe for judicial review.

## APPLICABLE LAW

The standard of judicial review for disability appeals is provided in 42 U.S.C. § 405(g). Courts reviewing the Commissioner's denial of social security disability applications limit their analysis to (1) whether the Commissioner applied the proper

legal standards, and (2) whether the Commissioner's factual findings are supported by substantial evidence. *See Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). Addressing the evidentiary standard, the Fifth Circuit has explained:

> Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance. It is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. As a result, [a] court cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. A finding of no substantial evidence is warranted only where there is a conspicuous absence of credible choices or no contrary medical evidence.

*Ramirez v. Colvin*, 606 F. App'x 775, 777 (5th Cir. 2015) (cleaned up). Judicial review is limited to the reasons relied on as stated in the ALJ's decision, and *post hoc* rationalizations are not to be considered. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

Under the Act, "a claimant is disabled only if she is incapable of engaging in any substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (cleaned up). The ALJ uses a five-step approach to determine if a claimant is disabled:

> (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

The burden of proof lies with the claimant during the first four steps before shifting to the Commissioner at Step 5. *See id.* Between Steps 3 and 4, the ALJ considers the claimant's residual functional capacity ("RFC"), which serves as an indicator of the claimant's capabilities given the physical and mental limitations detailed in the administrative record. *See Kneeland*, 850 F.3d at 754. The RFC also helps the ALJ "determine whether the claimant is able to do her past work or other available work." *Id.*

2

**THE ALJ'S DECISION**

The ALJ found at Step 1 that Landers "did not engage in substantial gainful activity during the period from her alleged onset date of January 4, 2014 through her date last insured of June 30, 2019." Dkt. 7-3 at 18.

The ALJ found at Step 2 that Landers suffered from "the following severe impairments: fibromyalgia; chronic fatigue syndrome; chronic Lyme disease, with autonomic neuropathy; major depressive disorder; generalized anxiety disorder, with panic attacks; and myalgias." *Id.*

At Step 3, the ALJ found that none of these impairments met any of the Social Security Administration's listed impairments.

Prior to consideration of Step 4, the ALJ determined Landers's RFC as follows:

> [T]he claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), except she requires a sit stand option, every thirty minutes. The claimant is limited to frequent handling and frequent crouching, crawling, and kneeling. The claimant is limited to occasional climbing of stairs and ramps. The claimant is limited to no use of scaffolding, ropes, or ladders. The claimant is limited to occasional balance. The claimant is not able to walk on uneven surfaces. The claimant must avoid even concentrated exposure to extreme cold and extreme heat. The claimant must avoid concentrated exposure to loud noise and she must not be in direct sunlight. The claimant must avoid exposure to dangerous machinery or unprotected heights. Due to moderate limitations in the B Criteria, the claimant is limited to performing simple, routine, repetitive work, involving one, two, or three step instructions, with only occasional interaction with co-workers and supervisors. The claimant is further restricted to no contact with the general public as part of the job functions, and she must not perform fast production pace or strict production quota work activity.

*Id.* at 21–22.

At Step 4, the ALJ found that Landers "was unable to perform any past relevant work." *Id.* at 25. At Step 5, considering Landers's age, education, work experience, RFC, and the testimony of the vocational expert, the ALJ concluded that Landers was "capable of making a successful adjustment to other work that existed in significant numbers in the national economy." *Id.* at 27. Consequently, the ALJ determined that Landers was not disabled.

3

## DISCUSSION

This social security appeal raises two issues: (1) whether the ALJ "erred at Step Three by failing to consider all of the evidence that supports [Landers's] disability"; and (2) whether the ALJ's RFC and the hypothetical question she posed to the vocational expert were flawed because they "failed to encompass all of [Landers's] limitations." Dkt. 12 at 5. I address each issue in turn.

**Step 3.** At Step 3 of the sequential analysis, the ALJ must determine whether a claimant's severe impairment meets or medically equals one of the listings found in the regulation known as Appendix 1. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d). "For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis omitted). If a claimant meets this burden, she is disabled.

Here, Landers argues that the ALJ failed to consider all the evidence that would have supported her satisfaction of Listings 12.04 and 12.06. *See* Dkt. 12 at 28–29. *See also* 20 C.F.R. pt. 404, subpt. P, app. 1, §§ 12.04, 12.06. Specifically, Landers claims that the ALJ failed to consider several medical opinions that support her claim of disability. Landers is mistaken.

I have reviewed the ALJ's decision, and the ALJ clearly considered all of the relevant medical opinions. Although Landers frames the issue as one of omission, the ALJ did not ignore the medical opinions—she discounted the weight of the medical opinions. *See* Dkt. 7-3 at 24–25. This means Landers's argument, in its proper context, is a veiled request for me to reweigh the evidence. This I cannot do.[1] "As I have previously explained, I may not reweigh the evidence, try the questions de novo, or substitute my judgment for the Commissioner's, even if I believe the evidence weighs

---

[1] Though unnecessary, Landers's argument also fails because she has made no attempt to demonstrate that she can actually satisfy Listings 12.04 and 12.06. *See Villarreal v. Comm'r of Soc. Sec.*, No. EP-17-CV-00288-ATB, 2018 WL 1833002, at *4 (W.D. Tex. Apr. 16, 2018) ("an error at step three requires reversal only where a plaintiff meets, or appears to meet, a listing").

against the Commissioner's decision because conflicts in the evidence are for the Commissioner, not the courts, to resolve." *Jenkins v. Kijakazi*, No. 4:20-CV-01840, 2021 WL 4243593, at *4 (S.D. Tex. Sept. 17, 2021) (cleaned up).

**RFC and Hypothetical Question.** Landers argues that the ALJ's RFC and hypothetical question to the vocational expert failed to "encompass [her] *marked* limitations regarding her mental status." Dkt. 12 at 31 (emphasis added); *see id.* at 32. This argument fails because the ALJ did not determine that Landers had any *marked* mental limitations. Rather, the ALJ determined that Landers had only *moderate* mental limitations. *See* Dkt. 7-3 at 20–21. Thus, for me to follow Landers's logic, I must conclude that she had marked limitations. In this way, Landers is again submitting a veiled request for me to reweigh the evidence. Again, I must decline. *See Jenkins*, 2021 WL 4243593, at *4.

**CONCLUSION**

For the reasons provided above, Landers's motion for summary judgment (Dkt. 12) is **DENIED**, and the Commissioner's motion for summary judgment (Dkt. 13) is **GRANTED**.

SIGNED this 21st day of June 2022.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

5
